UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1318 PA (PDx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Omar Luna v. DJM Magnolia, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS – COURT ORDER

On May 26, 2023, this Court issued an Order to Show Cause requiring plaintiff Omar Luna ("Plaintiff") to show cause in writing why this action should not be dismissed for lack of prosecution and Plaintiff's apparent failure to comply with Federal Rule of Civil Procedure 4(m).  On June 2, 2023, Plaintiff's counsel filed a Response to the Order to Show Cause.  According to Plaintiff's Response, counsel sent a work order to its process server in "mid-March of 2023," to serve the Summons and Complaint on defendant DJM Magnolia, LLC ("Defendant"), but that service was not completed until June 2, 2023, 100 days after Plaintiff filed the Complain, after Plaintiff's process server was "unable to serve Defendant . . . multiple times."

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint.  Here, Plaintiff filed this action on February 22, 2023.  By the time the Court issued its Order to Show Cause on May 26, 2023, Rule 4(m)'s 90-day period had already expired and Plaintiff had not filed a proof of service or requested additional time to do so.  Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff's Response to the Order to Show Cause does not establish "good cause" for an extension of time for Plaintiff to serve a defendant.  Specifically, Plaintiff's Response, which provides no reason for Plaintiff's inability to serve Defendant within Rule 4(m)'s deadline, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1318 PA (PDx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Omar Luna v. DJM Magnolia, LLC | | |

provides no evidence of the dates and times on which Plaintiff attempted to serve the Summons and Complaint, does not establish good cause for the delay in timely serving Defendant. This is just one of many cases in which Plaintiff's counsel has failed to comply with Rule 4(m) and provided an inadequate explanation for that failure. These consistent failures, which cause the Court to have to monitor the progress of Plaintiff's counsel's cases, issue Orders to Show Cause, track and review Plaintiff's counsel's Responses, and manage the Court's docket, unnecessarily taxes the Court's limited resources. Plaintiff's claim against Defendant is therefore dismissed under Rule 4(m) without prejudice as a result of Plaintiff's failure to timely serve Defendant or establish good cause for that failure.

Grounds also exist to dismiss Plaintiff's claim against Defendant for failure to diligently prosecute. A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing Defendant. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1318 PA (PDx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Omar Luna v. DJM Magnolia, LLC | | |

    The third <u>Henderson</u> factor at least marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see <u>Pagtalunan</u>, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see <u>In re Eisen</u>, 31 F.3d 1447, 1452 (9th Cir. 1994); <u>Moore v. Teflon Commc'ns Corp.</u>, 589 F.2d 959, 967–68 (9th Cir. 1978). Here, as discussed above, Plaintiff has not timely served Defendant. Nor has Plaintiff adequately explained Plaintiff's failure to do so. See <u>Anderson v. Air W., Inc.</u>, 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

    The fourth and fifth <u>Henderson</u> factors also favor Defendant's dismissal. By requiring Plaintiff to explain why this action should not be dismissed for lack of prosecution, and allowing Plaintiff to satisfy the Order to Show Cause simply by filing a proof of service, Plaintiff was on notice that the failure to adequately respond to the Order to Show Cause could result in the dismissal of the action. Despite this notice, Plaintiff has failed to demonstrate that Plaintiff's efforts to serve Defendant or to otherwise prosecute Plaintiff's claim against Defendant show diligence. Additionally, the Court is adopting the "less-drastic" sanction of dismissal of the un-served defendant without prejudice. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996); see also <u>Henderson</u>, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, the <u>Henderson</u> factors weigh in favor of dismissing Defendant.

    Accordingly, pursuant to Rule 4(m) and as a result of Plaintiff's failure to diligently prosecute, the claim asserted against Defendant is dismissed without prejudice. See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also <u>Yourish</u>, 191 F.3d at 986–88; <u>Ferdik</u>, 963 F.2d at 1260. The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.